Faustino Serrano López, Plaintiff, Cross-Defendant and Appellant, *v.* Juan Antonio Torres García, Defendant, Cross-Claimant and Appellant; and Ruperto Serrano López, Defendant.

No. 8505.. Argued November 24, 1942.—Decided December 21, 1942.

*Faustino R. Aponte* for appellant. *F. González Fagundo* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

Defendant Juan Antonio Torres obtained a judgment in his favor and against the other defendant, Ruperto Serrano López, for $150, which was the face value of a promissory note, plus interest and attorney's fees. To secure the effectiveness of that judgment, the marshal attached a seven-acre

(*cuerdas*) farm as if it were the property of Ruperto Serrano. The attachment was levied on August 9, 1939. On the 12th of the same month, plaintiff Faustino Serrano López, Ruperto's brother, filed third-party proceedings against Torres and Ruperto Serrano.

It is alleged in the complaint that on April 14, 1939, the plaintiff purchased the farm in question from defendant Ruperto Serrano, who has no interest whatsoever in said farm that may be attached to satisfy the judgment in favor of Torres.

Defendant Torres answered denying all the essential allegations of the complaint and filed a cross complaint in which he alleges that codefendant Ruperto Serrano borrowed $150 from him and gave him a promissory note that would mature on August 1, 1930; that in April 1939, Torres requested payment of the note from Ruperto Serrano; that on April 14, 1939, Ruperto Serrano, in confabulation with his brother Faustino Serrano—plaintiff herein and defendant in the cross complaint—made a simulated sale without price or consideration of any kind whatsoever, to said Faustino Serrano, defendant Ruperto Serrano continuing in possession of the property. It was likewise alleged that the plaintiff Faustino Serrano knew at the time when he acquired the farm that his brother Ruperto owed Torres some money; that Faustino Serrano accepted the simulated transfer made in his favor by his brother Ruperto with the sole purpose of frustrating Torres' right and that the latter has no other way of collecting the debt because Ruperto Serrano is insolvent.

On June 23, 1941, the District Court of Humacao dismissed the third-party proceeding and granted the cross complaint rescinding the sale made by Ruperto Serrano to his brother the plaintiff, for the reason that it was made to defraud creditors. The plaintiff took this appeal. To sustain it, he alleges that the evidence submitted by the cross-

claimant is insufficient to justify the judgment rendered in the latter's favor.

Let us examine the evidence, starting with the documentary proof.

In the first clause of the purchase and sale deed executed by Ruperto Serrano in favor of his brother Faustino, third-party plaintiff, it is stated that the sale is made "for the agreed price of THREE HUNDRED AND FIFTY DOLLARS which the buyer pays to the seller in U. S. bills and which the latter counts and receives to his satisfaction before me and the witnesses to the instrument present, to all of which I, the Notary, attest."

In addition, it was stipulated in said deed that the seller would remain in possession of the farm as lessee for a term of four years and that the rent would be $4 annually per acre, payable annually in advance.

To sustain his intervention, Faustino Serrano López testified that on April 14, 1939, he purchased the farm from his brother Ruperto, paying to the latter $350 "in U. S. currency, consisting of twenty, ten, five, and one dollar bills"; that he made payment in the presence of the notary and of the witnesses there present, that the farm is worth $350 or $400. On cross-examination he said: that he knows Juan Antonio Torres and that he is Ruperto Serrano's brother; that the farm used to be owned by Don Santos Rodríguez and that Juan Antonio Torres and Ruperto Serrano bought it as partners; that he never knew that Ruperto had borrowed money from Juan Antonio Torres to pay Don Santos Rodríguez; that he had never talked with Juan Antonio Torres about Ruperto's debt.

Ruperto Serrano, a witness for the defendants, testified: that he owes to Juan Antonio Torres the amount of the promissory note, $150; that outside of the seven-acre (cuerdas) farm he owns no property; that on or about the month of April 1939, he had a store worth about four or five hun-

dred dollars and three cows; that when the marshal came to attach the seven acres (*cuerdas*), he told him that the farm was not his.

To uphold his cross claim, Juan Antonio Torres testified: that he knew the Serrano brothers, who were his neighbors; that he loaned Ruperto $150 on the first of August 1929 and the latter signed a promissory note; that Faustino knew about the loan, because when he, Torres, offered to sell Ruperto 3½ acres (*cuerdas*) on November 26, 1937, he said: "You have no money to pay, much less do you have any to buy," and then Faustino gave $140 to Ruperto to pay Torres the price of the 3½ acres; that those 3½ acres (*cuerdas*) constitute one-half of the seven-acre (*cuerdas*) farm in litigation, as appears from the deed of sale executed by Ruperto in favor of Faustino on April 14, 1939, and admitted in evidence; that Faustino knew that Ruperto had borrowed $150 from Torres to complete $200, which was the cost of two acres (*cuerdas*) which he registered under his father's name, Saturnino Serrano. The latter, as a witness in *rebuttal*, testified that he had purchased the two-acres (*cuerdas*) with money of his own which he had derived from a sale of tobacco and livestock.

In his statement of facts and opinion the judge of the lower court makes no statement relative to the facts that were proved and limits himself to saying that, after examining the allegations relative to the evidence, "he comes to the conclusion that plaintiff herein Faustino Serrano and codefendant Ruperto Serrano, in executing deed No. 3 on April 14, 1939, with respect to the purchase and sale of the farm in litigation herein, executed said mortgage with the only and exclusive object of defrauding codefendant Juan Antonio Torres García who had a just claim. . . ." And he goes on to say: "Having arrived, as we have, at this conclusion, it is of no consequence that in the deed executed for the purchase of said real property there was made to

appear the transfer in legal tender, before the notary, of the selling price, even more so when all the evidence reveals that Faustino Serrano López always was fully informed of all the details relative to the economic relations existing between the codefendants herein."

The conclusion reached by the lower court relative to the fraudulent purpose of the sale is not sustained by the evidence. As a general rule, fraud is not presumed and the one who alleges it must prove its existence with unchallengeable facts. Mere conclusions, conjectures, and suppositions or suspicions are not in and of themselves sufficient to substantiate an allegation of fraud. The proof that is required must be solid, clear, and convincing. *The Texas Co. of P. R., Inc.* v. *Estrada,* 50 P.R.R. 709.

■■ The error of the lower court consisted in that it considered that the relation of brothers existing between Faustino and Ruperto Serrano, parties to the purchase and sale deed, was sufficient in itself to give rise to an irrebutable presumption—or at least *juris tantum*—that the transfer had been made for a fraudulent purpose. In *The Texas Co.* v. *Estrada, supra,* and later on in *Nine* v. *Avilés,* 53 P.R.R. 471, both of which bear some analogy to the instant case, we held that family ties between the parties is a suspicious circumstance which together with others may be considered as evidence of the existence of fraud, but that it is not in and of itself sufficient to establish that fact. It is, therefore, error to hold that the mere fact of the existence of family ties between the parties gives rise to a presumption of fraud.

The deed executed on April 14, 1939, by which Ruperto Serrano sold to his brother Faustino the farm now in litigation, has in its favor, as all transactions involving human beings, the presumption of legality, honesty, and purity. Such presumption may not be destroyed by the isolated facts of the existence of family ties between the parties.

██ We have already seen that in the deed in question the notary attested to the fact that the stipulated price was paid to the seller in currency and that the purchaser counted the bills and received them to his satisfaction in the presence of the notary and the witnesses. From those facts the presumption arises that the transfer was made for just cause and consideration. That presumption was buttressed by the testimony of the purchaser to the effect that he paid the $350 to the seller in the presence of the notary and the witnesses. See *Santini Fertilizer* v. *Burgos*, 34 P.R.R. 830.

Is the evidence submitted by the defendant and cross-claimant Torres sufficient to rebut the presumption of legality of the transfer? We think not. In accordance with Torres' testimony, it appears that Faustino Serrano knew that Torres had loaned $150 to his brother Ruperto. That loan was made on August 1, 1929. No evidence at all has been submitted to prove that ten years later, on April 14, 1939, when Faustino Serrano purchased the farm from his brother Ruperto, the latter knew that the debt was still pending Neither has it been shown that at the date the transfer was made Ruperto Serrano lacked other property upon which the judgment against him could be made effective. On the contrary, Ruperto himself testified and his testimony was not contradicted, that in April 1939 he owned, in addition to the seven-acres (*cuerdas*), a store with goods valued at four or five hundred dollars, and three cows, and that he owned that property until the end of 1940.

The cross-claimant did not submit any evidence whatsoever tending to prove that the alleged price of $350 was not paid.

Since the cross-claimant was unable to contradict the fact that the sale was made for consideration, it may not be presumed to have been made fraudulently, because the surrounding circumstances required by §1249 of the Civil Code (1930 ed.) and by the decisions of this court, are not pres-

ent here. *Hernández* v. *Rosado et al.,* 20 P.R.R. 163 and *Méndez* v. *De Choudens et al.,* 35 P.R.R. 516. 20 Scaevola: Civil Code 941. At the time the sale was made in the instant case not even a complaint had been filed against the seller. The transfer was made on April 14, 1939. The complaint on the promissory note was not notified to debtor Ruperto Serrano until May 23, 1939.

The judgment appealed from must be reversed and another judgment entered granting the prayer of the complaint filed by the intervener with costs to the defendant and cross-claimant.